# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION
## COLUMBUS, OHIO

Minor student, **JANE DOE**, Individually, by her mother and natural guardian, Parent 1,

and

**PARENT 1**, mother to Jane Doe, Individually,

    Plaintiffs,

v.

**SOUTHWESTERN CITY SCHOOL DISTRICT BOARD OF EDUCATION**,

and

**JENNIFER KAUFFELD,** Individually and as Principal of Buckeye Woods Elementary School,

and

**DEBORAH DENT**, Individually and as School Nurse of Buckeye Woods Elementary School,

    Defendants.

JUDGE: _____

CASE NO: _____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## <u>OVERVIEW</u>

**Vaginal Examination of 5-Year-Old Student, Jane Doe**

1. This complaint stems from the unnecessary and nonconsensual vaginal examination of then-kindergartener, Jane Doe, by Buckeye Woods Elementary School Principal, Jenniffer Kauffeld ("Principal Kauffeld"), and School Nurse, Deborah Dent

("Nurse Dent"), on November 14, 2023. The examination was conducted during school hours by Nurse Dent, with Principal Kauffeld present, without notification to Parent 1 and without the consent of Parent 1. No medical emergency existed that would necessitate a vaginal examination without parental consent.

2. The vaginal examination was conducted by Principal Kauffeld and Nurse Dent at least in part because Jane Doe's classroom teacher communicated earlier the same day that Jane Doe's scratching and rubbing her vaginal area could be a sign of child abuse. This supposed "suspected abuse" was reported to the Principal by the teacher despite Parent 1 communicating to the teacher at parent-teacher conferences only a few weeks earlier that Jane Doe suffered from a medical condition that causes itchiness in the vaginal area and that she was receiving medical treatment for the condition.

3. The information about Jane Doe's medical condition and treatment was relayed by the teacher to Principal Kauffeld immediately prior to when the vaginal examination was conducted by Nurse Dent on November 14, 2023.

4. Despite having this information, Principal Kauffeld and Nurse Dent took it upon themselves to conduct an entirely unnecessary and invasive vaginal examination to investigate suspected child abuse. After the vaginal examination, Nurse Dent ultimately concluded that she did not see any "white stuff" or "bruising" and reported this to Principal Kauffeld. Neither Principal Kauffeld nor Nurse Dent reported suspected abuse to Children Services or law enforcement. Jane Doe was not abused and no further investigation into abuse was ever conducted.

5.      According to a subsequent investigation conducted by the BOE, Principal Kauffeld stated that she did not know whether anyone called Jane Doe's mother prior to Nurse Dent's examination, nor did she ask. (*See* **Southwestern City School District Investigation Report and Disciplinary Recommendation of Jennifer Kauffeld, hereinafter "Investigation Report," p. 3, attached hereto as Exhibit A**). It was only *after* the vaginal examination that Nurse Dent called and notified Parent 1 of the vaginal examination, at which time Parent 1 again relayed the same information about Jane Doe's medical condition and treatment to Nurse Dent over the phone. As the Investigation Report concluded, "the evidence shows that the student's behaviors and potential health issues were not new." (Investigation Report, p. 4).

**Recommendation for Termination Rejected; Employees Reinstated**

6.      Both Principal Kauffeld and Nurse Dent were placed on leave on November 14, 2023, the day of the vaginal examination. The Investigation Report that followed concluded that Principal Kauffeld violated six different school policies through 15 improper acts, including:

- Facilitating, failing to stop, and participating in the visual inspection of the student's genital area;
- Facilitating, failing to stop and participating in having a student disrobe for inspection of the student's genital area;
- Failing to stop the school nurse's actions and allowing the inspection to occur with knowledge that the parent was not notified and had not given consent;
- Failing to notify the parent of the genital inspection or to get the parent's direct consent prior to the inspection;
- Failing to notify Children's Services when she had reason to and suspected sexual abuse of a student;

3

- Facilitating a visual inspection of the student's genital area in the absence of a medical emergency or necessity;
- Failing in her responsibility to oversee her building and what occurs in it, including directing the school nurse when she is in the building;
- Being in the room for an inspection of the student with which she was not comfortable and allowing it to occur anyways;
- Failing to contact her supervisor or other district administrator when she did not "know what to do" for guidance in the situation;
- Ceding her authority as building principal to the school nurse and not directing her;
- Failing to separately reach out to the parent following the visual inspection of the student to provide information;
- Failing to practice the highest ethical standards and maintain a professional relationship with the student and parent;
- Failing to protect the student by advocating for her rights;
- Failing to maintain responsibility for the health program in her assigned building; and/or
- Failing to abide by the training she has received from the District.

7. As a result of these violations, the author of the Investigation Report, Dr. Susan Hayward, Assistant Superintendent of Southwestern City Schools, recommended that Principal Kauffeld be terminated. (Investigation Report, p. 7). The Southwestern City School District Board of Education (the "BOE") initiated termination proceedings for Principal Kauffeld on or about January 8, 2024, but rescinded termination proceedings and reinstated her on or about February 5, 2024.

8. The Principal's reinstatement came after overwhelming public support was shown for Principal Kauffeld at a BOE meeting, including by Jane Doe's classroom teacher and dozens of other community members who were televised on local news media.

9. Nurse Dent resigned from the Southwestern City School District effective December 29, 2023, but withdrew her resignation on January 11, 2024. Upon information

4

and belief, the BOE reemployed Nurse Dent and she continued to provide services for the BOE.

10. No one from the school reached out to Jane Doe or Parent 1 while the personnel actions were being considered or while the personnel investigation was pending. No one interviewed Jane Doe or Parent 1 or otherwise communicated about the troubling events. No one reached out to check on the welfare of Jane Doe.

11. Jane Doe could not return to her kindergarten classroom at Buckeye Woods Elementary School, in large part because her teacher publicly supported reinstatement of Principal Kauffeld, and because extensive public comments were made at a BOE meeting and online about whether the vaginal examination was initiated because of child abuse by Jane Doe's parents, and whether the act should result in termination for the school principal and nurse. For an extended period of time, Jane Doe could not attend school.

12. No one from the District reached out to Jane Doe or Parent 1 to determine if they were negatively impacted by the publicity and media coverage. They were.

**Resulting Damage to Jane Doe and Parent 1**

13. As a result of the nonconsensual exam and publicity surrounding the event, Jane Doe was diagnosed with post-traumatic stress disorder (PTSD) on March 28, 2024. The symptoms of her PTSD have manifested in various forms, including anxiety, depression, fear, humiliation, and emotional trauma. As a result, Jane Doe required weekly trauma-focused cognitive behavioral therapy. Jane Doe ultimately transferred schools, but her condition persisted and has interfered with her ability to focus, participate in school activities, and fully engage with her peers and teachers.

14. Because of the violation of her daughter and the subsequent publicity and ostracization, Parent 1 has also suffered emotionally. Parent 1 missed weeks of work while Jane Doe did not attend school, resulting in lost wages.

15. Although Jane Doe's identity was not disclosed publicly by the BOE, many people in the community (including parents of classmates and school employees) knew Jane Doe and Parent 1 as the student and parent involved in the incident.

16. As a result of the community and school support for Principal Kauffeld and Nurse Dent, Parent 1 had to transfer all of her children to a different school in the District. Nonetheless, because the family still resides in the District, they have been isolated and withdrawn from the community to avoid encounters with supporters of Principal Kauffeld and Nurse Dent.

## JURISDICTION AND VENUE

17. This Court has exclusive jurisdiction over this matter pursuant to 28 U.S.C. § 1331 insofar as this Complaint raises issues under the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiffs bring these claims by and through 42 U.S.C. §1983 and 28 U.S.C. §1343.

18. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367 because the state law claims asserted by Plaintiffs form part of the same case or controversy as the constitutional/federal claims.

19. Venue is proper in the Southern District of Ohio, Eastern Division, under 18 U.S.C. § 1965 and 28 U.S.C. 1391(c), as the claims arise in this district and all Defendants reside or maintain a principal place of business within the district.

## PARTIES

20. PLAINTIFF JANE DOE is a minor student currently residing in the Southwestern City School District and attending a school operated by the Defendant BOE. Jane Doe currently resides in Franklin County, Ohio, and has resided in Franklin County for all times relevant herein.

21. PLAINTIFF PARENT 1 asserts claims on behalf of Jane Doe, as her parent and natural guardian, and on her own behalf. Parent 1 currently resides in the Southwestern City School District in Franklin County, Ohio, and has resided in Franklin County for all times relevant herein.

22. DEFENDANT SOUTHWESTERN CITY SCHOOL DISTRICT BOARD OF EDUCATION is a political subdivision of the state of Ohio with its administrative office and principal place of business located at 3805 Marlane Drive, Grove City, Ohio. The BOE receives federal and state funding for the provision of public education.

23. DEFENDANT JENNIFER KAUFFELD, at all times relevant herein, was employed by the BOE in the position of elementary school principal. Defendant Kauffeld, as an employee of the BOE, was responsible for the implementation of all official governmental laws, policies, regulations and procedures. Defendant Kauffeld is being sued in her official and individual capacities.

24. DEFENDANT DEBORAH DENT, at all times relevant herein, was employed by the BOE in the position of school nurse. Defendant Dent, as an employee of the BOE, was responsible for the implementation of all official governmental laws,

7

policies, regulations and procedures. Defendant Dent is being sued in her official and individual capacities.

25. All Defendants were acting under color of state law.

## CLAIMS ASSERTED

### COUNT I – Violation of Privacy
### 4th Amendment of the U.S. Constitution
### (*via* 42 U.S.C. §1983)
### Asserted Against Principal Kauffeld, Nurse Dent and the BOE

26. Plaintiffs incorporate by reference each of the paragraphs written above as if fully set forth herein.

27. The Fourth Amendment of the U.S. Constitution protects "the right of the people to be secure in their persons…against unreasonable searches" by government officials.

28. Plaintiff Jane Doe had a reasonable expectation of privacy while she attended school at Buckeye Woods Elementary School.

29. Defendants were aware, or should have been aware, of a clearly established right of Plaintiff to be secure in her person at school and not be subjected to unreasonable searches by public employees acting under color of state law.

30. The actions of Principal Kauffeld and Nurse Dent deviated from the healthcare standards of care for Nurse Dent, as well as from the BOE policies applicable to Nurse Dent and Principal Kauffeld.

31. Without seeking consent of Parent 1, Defendants conducted an invasive search of Plaintiff Jane Doe without a medical necessity and because they suspected child

abuse (as such suspicions were communicated to them immediately prior to the search by Jane Doe's classroom teacher).

32. Reasonable persons in the position of Defendants would have concluded that school employees cannot themselves investigate child abuse by conducting a vaginal examination at school without parental consent, and would have concluded that these actions would constitute an unconstitutional search and invasion of privacy.

33. As a direct result of the actions and conduct of Defendants, Plaintiffs suffered and continue to suffer extreme emotional pain and suffering. Jane Doe has also suffered a loss of educational opportunities and meaningful associations.

34. As a result of the deprivation of Plaintiffs' constitutional rights and resulting emotional and psychological trauma, Plaintiffs are seeking special damages in an amount to be proven at trial.

## COUNT II – Violation of Substantive Due Process
## 14th Amendment of the U.S. Constitution
## (*via* 42 U.S.C. §1983)
## Asserted Against Principal Kauffeld, Nurse Dent and the BOE

35. Plaintiffs incorporate by reference each of the paragraphs written above as if fully set forth herein.

36. The substantive component of the Due Process Clause protects students against abusive governmental power as exercised by a school. *Doe v. Claiborne Cnty.*, Tenn., 103 F.3d 495, 506 (6th Cir. 1996).

37. Plaintiff Jane Doe had a right to personal security and bodily integrity while she attended school at Buckeye Woods Elementary School.

38. Plaintiff Jane Doe had a reasonable right to privacy from being seen unclothed by the school principal and nurse without a valid medical basis or emergency.

39. Plaintiff Parent 1 had a right to be notified and informed prior to a vaginal examination of her minor daughter, Jane Doe, together with a corresponding right to refuse medical treatment on behalf of Jane Doe.

40. The actions of Defendants constitute violations of Plaintiffs' constitutional right to substantive due process pursuant to the Fourteenth Amendment of the U.S. Constitution, in that the Defendants' reckless and/or intentional conduct, as described herein, injured Plaintiffs in a way that shocks the conscience.

41. As a direct result of the actions and conduct of Defendants, Plaintiffs suffered and continue to suffer extreme emotional pain and suffering. Jane Doe has also suffered a loss of educational opportunities and meaningful associations.

42. As a result of the deprivation of Plaintiffs' constitutional rights and resulting emotional and psychological trauma, Plaintiffs are seeking special damages in an amount to be proven at trial.

### COUNT III – Violation of Right to Bodily Integrity
### 4th and 14th Amendments to the U.S. Constitution
### (*via* 42 U.S.C. §1983)
### Asserted Against Principal Kauffeld, Nurse Dent and the BOE

43. Plaintiffs incorporate by reference each of the preceding paragraphs as if fully set forth herein.

44. At all times relevant herein Plaintiff had a right to bodily integrity which is protected by the Fourth Amendment and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

45. The November 14, 2023 vaginal examination of Jane Doe constitutes a deprivation of Plaintiff Jane Doe's right to bodily integrity protected by the Fourth and Fourteenth Amendments to the United States Constitution.

46. The BOE, by and through its authorized officials, including Principal Kauffeld and Nurse Dent, failed to adhere to its adopted custom and policies regarding reporting and investigating suspected child abuse, medically examining students, searching students, and respecting student privacy, among others.

47. The actions of Principal Kauffeld and Nurse Dent were a departure from the BOE's policies and practices.  Principal Kauffeld and Nurse Dent, and by association the BOE, failed to adhere to BOE custom and policy of conducting searches, investigating and reporting suspected child abuse, and protecting student privacy, which proximately caused the deprivation of Plaintiffs' rights.  There was no medical necessity or emergency, and no authority for these employees to investigate abuse in such manner.

48. Defendants' failure to adhere to BOE policies, practices, and customs, constituted omissions that manifest deliberate indifference to the rights of Plaintiffs. Defendants repeated violations of these policies, practices, and customs, proximately caused the deprivation of and infringement upon Plaintiffs' constitutional rights.

49. The BOE, Principal Kauffeld and Nurse Dent had an affirmative duty to protect their students from harm when there existed a state-created danger; a violation of this duty under these circumstances is actionable under 42 U.S.C. §1983.

50. The Defendants' actions present a degree of culpability that shocks the conscience given that they are first and foremost responsible for the wellbeing of its minor students.

51. As a proximate result of Defendants' deliberate indifference to its own custom and policy as detailed above, Plaintiffs suffered a violation of their constitutionally protected Fourth and Fourteenth Amendment rights. In turn, the violations by the Defendants proximately caused Plaintiffs' significant emotional and psychological trauma, which is actionable under 42 U.S.C. §1983.

52. As a result of the deprivation of Plaintiffs' constitutional rights, Plaintiffs suffered and continue to suffer severe emotional and psychological trauma. Plaintiffs are entitled to recover for all damages proximately resulting from the deprivation of their constitutional rights as detailed above.

53. As a result of the deprivation of Plaintiffs' constitutional rights and resulting emotional and psychological trauma, Plaintiffs are seeking special damages in an amount to be proven at trial.

### COUNT IV – Supervisory Liability
### (*via* 42 U.S.C. §1983)
### Asserted Against Principal Kauffeld

54. Plaintiffs incorporate by reference each of the paragraphs written above as if fully set forth herein.

55. Principal Kauffeld, acting as supervisor of Nurse Dent was aware (or should have been aware) that Nurse Dent was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to the Plaintiffs, Jane Doe and Parent 1.

56. Principal Kauffeld did not stop Nurse Dent or ask her to stop the vaginal examination of Jane Doe, even though she was present during the examination and acted as Nurse Dent's supervisor.

57. Principal Kauffeld did not report suspected abuse before, during or after the vaginal examination, even though reporting suspected abuse was mandatory for educators under state law.

58. Principal Kauffeld did not inquire as to whether Parent 1 was notified or provided consent to Nurse Dent before Nurse Dent conducted the vaginal examination.

59. Principal Kauffeld's response (or lack thereof) was so inadequate as to demonstrate deliberate indifference to or tacit authorization of the alleged offensive practices of Nurse Dent.

60. There was an affirmative causal link between Defendant's acts and the particular injury suffered by the Plaintiffs.

61. As a result of the deprivation of Plaintiffs' constitutional rights, Plaintiffs suffered and continue to suffer severe emotional and psychological trauma. Plaintiffs are entitled to recover for all damages proximately resulting from the deprivation of their constitutional rights as detailed above.

**COUNT V – Violation of Privacy**
**Sect. 14, Art. I of the Ohio Constitution**
**Asserted Against All Defendants**

62. Plaintiffs incorporate by reference each of the paragraphs written above as if fully set forth herein.

63. Section 14, Article I of the Ohio Constitution provides, "[t]he right of the people to be secure in their persons, houses, papers, and possessions, against unreasonable searches and seizures shall not be violated."

64. Plaintiff Jane Doe had a reasonable expectation of privacy while she attended school at Buckeye Woods Elementary School.

65. Without seeking consent of Parent 1, Defendants conducted an invasive search of Plaintiff Jane Doe without a medical necessity and at least in part because they suspected child abuse (as such suspicions were communicated to them immediately prior to the search by Jane Doe's classroom teacher).

66. This action deviated from the healthcare standards of care applicable to Nurse Dent, as well as from the BOE policies applicable to Nurse Dent and Principal Kauffeld alike.

67. Reasonable persons in the position of Defendants would have concluded that school employees cannot themselves investigate child abuse by conducting a vaginal examination of a kindergartener at school without parental consent, and would have concluded that these actions would constitute an unconstitutional search.

68. As a direct result of the actions and conduct of Defendants, Plaintiffs suffered and continue to suffer extreme emotional pain and suffering. Jane Doe has also suffered a loss of educational opportunities and meaningful associations.

### COUNT VI – Failure to Report Suspected Child Abuse
### R.C. §2151.421
### Asserted Against Principal Kauffeld and Nurse Dent

69. Plaintiffs incorporate by reference each of the paragraphs written above as if fully set forth herein.

70. R.C. §2151.421(A)(1)(a) requires that no school employee who has "reasonable cause to suspect…that a child under eighteen years of age…has suffered …any…condition of a nature that reasonably indicates abuse or neglect of the child shall fail to immediately report that knowledge…to [to the public children services agency]."

71. Even though her suspicions were entirely misguided, Jane Doe's classroom teacher communicated to Principal Kauffeld that she suspected abuse of Jane Doe based on her itching and rubbing her vaginal area (even though Parent 1 had explained the medical condition to the teacher weeks earlier).

72. Instead of reporting this suspected abuse to the local children services agency, Principal Kauffeld requested that Nurse Dent examine Jane Doe, apparently as part of a school-led investigation into the abuse. Upon information and belief of Plaintiffs, this is the reason that Parent 1 was not informed of the examination and asked for consent.

73. The actions of Principal Kauffeld and Nurse Dent deviated substantially from the healthcare standards of care for Nurse Dent, as well as from the BOE policies applicable to Nurse Dent and Principal Kauffeld.

74. After the vaginal examination, Nurse Dent ultimately concluded that she did not see any "white stuff" or "bruising" in or around Jane Doe's vagina and reported as much to Principal Kauffeld. Neither reported suspected abuse to the local children services agency despite conducting the investigation and examination.

75. Reporting the abuse to the proper agency instead of improperly investigating suspected abuse themselves would have kept the matter private and would not have led to the publicity surrounding the personnel investigation and pending discipline of Principal Kauffeld and Nurse Dent.

76. As a direct result of the actions and conduct of Defendants, Plaintiffs suffered and continue to suffer extreme emotional pain and suffering. Jane Doe has also suffered a loss of educational opportunities and meaningful associations.

### COUNT VII – Intentional Infliction of Emotional Distress
### Asserted Against Principal Kauffeld and Nurse Dent

77. Plaintiffs incorporate by reference each of the paragraphs written above as if fully set forth herein.

78. Defendants Principal Kauffeld and Nurse Dent, through their acts and omissions described herein, intended to cause emotional distress to Plaintiffs. Defendants' conduct was extreme and outrageous, beyond the bounds of decency and was such that the conduct should be considered utterly intolerable in a civilized society.

79. Defendants were the proximate cause of Plaintiffs' psychiatric injuries and the mental anguish suffered was of a nature that no reasonable person in the Plaintiffs' position could be expected to endure it.

## COUNT VIII – Assault
## Asserted Against Defendant Nurse Dent

80. Plaintiffs incorporate by reference each of the preceding paragraphs as if fully set forth herein.

81. Defendant Nurse Dent intentionally and/or recklessly caused harm to Jane Doe on November 14, 2023 when she conducted an unnecessary and unreasonable examination at least in part for the purposes of investigating suspected child abuse.

82. These actions deviated substantially from the healthcare standards of care applicable to Nurse Dent, as well as from the BOE policies applicable to her.

83. Nurse Dent's intentional and/or reckless assault of Jane Doe caused Jane Doe to suffer significant emotional damage that continues to date, including, but not limited to, anxiety, depression, nightmares, insomnia, and fear.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1. A jury trial for all issues pursuant to F.R.C.P. 38(b);

2. That each named Defendant be required to answer within the time prescribed by law;

3. A declaration that the acts and conduct of all Defendants constitute violations of Plaintiffs' constitutional, statutory and common-law rights;

4. An award to Plaintiffs against all Defendants, jointly and severally, an appropriate amount of compensatory and punitive damages;

6. An award to Plaintiffs against all Defendants, jointly and severally, reimbursement for appropriate court costs and reasonable attorney fees;

7. An award to Plaintiffs for any other relief the court deems appropriate.

Respectfully submitted,

*/s/ Mark A. Weiker*
Mark A. Weiker (0086413)
Jessica N. Moore (0101098)
ABDNOUR WEIKER, L.L.P.
262 South 3rd Street
Columbus, Ohio 43215
T: (614) 745-2001
F: (614) 417-5081
E: mark@education-rights.com
E: jessica@education-rights.com
*Counsel for Plaintiffs*

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

*/s/ Mark A. Weiker*
Mark A. Weiker (0086413)
Jessica N. Moore (0101098)
ABDNOUR WEIKER, L.L.P.
262 South 3rd Street
Columbus, Ohio 43215
T: (614) 745-2001
F: (614) 417-5081
E: mark@education-rights.com
E: jessica@education-rights.com
*Counsel for Plaintiffs*
