UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JANE DOE and PARENT 1,

        Plaintiffs,

     v.

MARC DILLARD, *et al.*,

        Defendants.

                            Civil Action 2:24-cv-4157
                            Judge Michael H. Watson
                            Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

This matter is before the undersigned for a Report and Recommendation on Plaintiffs' failure to comply with the Court's September 24, 2025, December 19, 2025, and January 8, 2026 Orders. (ECF Nos. 19, 21, 22.) Those Orders required Plaintiffs to inform the Court if they intended to proceed *pro se*, and if so, to provide an updated mailing address. (*Id*.) To the extent Plaintiffs intended to retain new counsel, the Orders required them to have new counsel enter an appearance. (*Id*.) To date, however, Plaintiffs have failed to comply with these Orders or requested an extension of time to do so.

Under these circumstances, the undersigned recommends dismissal of Plaintiffs' action under Rule 41(b). The Court's inherent authority to dismiss a plaintiff's action with prejudice because of his or her failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962). "This

measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted).

The Sixth Circuit directs the district courts to consider four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b): (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Here, Plaintiffs failed to comply with the Court's Orders instructing them to inform the Court if they were proceeding *pro se*, to provide the Court with a mailing address if so, and to have counsel enter an appearance if not. (ECF Nos. 19, 21, 22.) Moreover, the Court explicitly cautioned Plaintiffs that failure to comply may result in dismissal of this action. *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) ("[p]rior notice, or the lack thereof, is . . . a key consideration" in whether dismissal under rule 41(b) is appropriate). Plaintiffs' failure to timely comply with the clear orders of the Court, which established reasonable deadlines for compliance, constitutes bad faith or contumacious conduct. *See Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal"). Moreover, because Plaintiffs have disregarded the Court's Orders, the undersigned concludes

2

that no alternative sanction would protect the integrity of the pretrial process. It is therefore **RECOMMENDED** that the Court **DISMISS THIS ACTION** under Rule 41(b) for failure to prosecute.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

3